**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

KYLE RAINEY,

        Plaintiff,

    v.

CHRIS PUTMAN, et al.,

        Defendants.

Case No. 1:07-CV-1294

(Judge Kosik)

**MEMORANDUM AND ORDER**

NOW, this 7th day of April, 2008, it appearing to the court that:

(1) Plaintiff, Kyle Rainey, an inmate confined at the State Correctional Institution at Dallas, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 17, 2007;

(2) This matter was assigned to Magistrate Judge Thomas M. Blewitt;

(3) Plaintiff originally named seven employees of SCI-Dallas as defendants, however we dismissed six of the defendants pursuant to the Magistrate Judge's initial screening of the complaint.  Corrections Officer Hogan is the sole defendant;

(4) On March 17, 2008, the Magistrate Judge filed a Report and Recommendation in which he recommends that Defendant Hogan's Motion to Dismiss be granted, and that Plaintiff's remaining First Amendment retaliation claim against Defendant Hogan, with respect to the April 3, 2007 misconduct report, be dismissed pursuant to Rule 12(b)(6);

(5) Plaintiff avers in his complaint that Defendant Hogan falsified a misconduct report, which charged Plaintiff with failing to return timely from the law library as ordered.  According to Plaintiff, this misconduct report was in retaliation for Plaintiff's previous grievance against Defendant Hogan;

(6) The Magistrate Judge found that Plaintiff failed to establish a required element of a First Amendment retaliation claim. Plaintiff must show that the protected activity substantially motivated the state actor's decision to take the adverse action. See Anderson v. Davila, 125 F.3d 148, 163 (3d Cir. 1997). Here, the Magistrate Judge found that "Plaintiff's own allegations and his exhibits show that Defendant Hogan would have made the same decision regarding his April 3, 2007 Misconduct Report, regardless of Plaintiff's grievance about staff since Plaintiff's documents show that he did not return to the cell block until 10:50 a.m., despite being ordered to leave the library at 9:30 a.m. as provided for in the morning call-out;"

(7) Because a causal nexus cannot be shown between the Plaintiff's grievance and the issuance of the Defendant's misconduct report, the Magistrate Judge recommends that Plaintiff's complaint be dismissed;

(8) No objections were filed to the Magistrate Judge's Report and Recommendation;

AND, IT FURTHER APPEARING THAT:

(9) If no objections are filed to a magistrate judge's report and recommendation, the plaintiff is not statutorily entitled to a *de novo* review of his claims. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150–53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. See Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

(10) Having considered the Magistrate Judge's Report, we agree with the analysis and the recommendation;

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated March 17, 2008 is **ADOPTED**;

(2) The defendant's motion to dismiss the complaint is **GRANTED**;

(3) The plaintiff's complaint is **DISMISSED**;

(4) The Clerk of Court is further directed to **CLOSE** this case and to **FORWARD** a copy of this Memorandum and Order to the Magistrate Judge.

*s/Edwin M. Kosik*
United States District Judge